FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

OCT -9 PM 4: 42

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

LEONARD COOK, )
)
    Petitioner, )
)
v. )   Case No. CV406-298
)
WARDEN WILLIAMS, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Petitioner has filed for a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the Court recommends that the petition be **DENIED**.

## I. BACKGROUND

Petitioner Leonard Cook was indicted by an Effingham County grand jury on June 7, 1999 of murder, burglary, and possession of a firearm during the commission of a felony. Doc. 5 at 1. A jury convicted petitioner on all counts on March 3, 2000, sentencing him to life

imprisonment for the first charge, 20 consecutive years for the second charge, and 5 consecutive years for the third charge. Doc. 1.

Petitioner, represented by the same counsel, appealed his convictions and sentence, arguing that statements by petitioner's wife should not have been admitted into evidence and that the trial court should not have denied a motion for mistrial because jurors saw him in handcuffs outside of the courtroom. Cook v. State, 543 S.E.2d 701 (Ga. 2001). The convictions were all affirmed by the Georgia Supreme Court on March 2, 2001. Id. at 705.

Petitioner filed a state habeas corpus petition in Chatham County on April 2, 2002. Doc. 1, Addendum. On May 2, 2005, the habeas corpus court affirmed the convictions, but vacated the sentences for burglary and firearm possession for inadequate assistance of trial counsel. Doc. 1, Ex. A. Petitioner's application for a certificate of probable cause to appeal the denial of state habeas corpus relief was denied on October 2, 2006. Doc. 1, Ex. B.

Petitioner executed the instant petition challenging his Effingham County conviction on December 29, 2006. Doc. 1, Ex. A. Petitioner

alleges that his trial counsel was ineffective and that he was denied his Sixth Amendment right to confront an adverse witness. Id.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neelley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape' at the time the state court adjudicated the petitioner's claim

to determine the applicable Supreme Court authority . . . ." Id. at 923.[1] A legal principle is "clearly established if Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neelley, 138 F.3d at 923. A decision is "contrary to" the then existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This

---

[1] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996); accord Green v. French, 143 F.3d 865, 874 (4th Cir. 1998). "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 529 U.S. 362, 412 (2000).

provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 519 U.S. 1074 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neelley, 138 F.3d at 924; see H.R. Conf. Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

---

[2]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

5

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable" the Neelley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neelley, 138 F.3d at 768 (quoting Drinkard, 97 F.3d at 769). The Eleventh Circuit later recognized that the "reasonable jurist" standard, which the Neelley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 409-10 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because

6

that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III. ANALYSIS

### A. Ineffective Assistance of Trial Counsel

Petitioner contends that his trial counsel was ineffective because counsel: (1) failed properly to object to the admissibility of out-of-court statements, (2) failed to challenge those statements on constitutional grounds, and (3) failed to object to evidence going to the jury in violation of the "continuing witness rule." Doc. 1, Addendum.

In Strickland v. Washington, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."

Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689.

Under the prejudice prong, a petitioner must establish that there was a reasonable probability that the results would have been different but for counsel's deficient performance. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Strickland, 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

The Court is left to determine whether the state habeas corpus court properly applied Supreme Court precedent, in this case the

Strickland standard, and whether the precedent was applied reasonably. The record indicates that the state court explicitly applied the Strickland test. Doc. 1, Ex. A at 2. The habeas court addressed each of these contentions, finding them all meritless. Id. at 15.

First, petitioner alleges that counsel lodged improper objections to certain out-of-court statements. Doc. 6 at 3-4. The habeas court found the objections proper under Strickland. Doc. 1, Ex. A at 6. Petitioner, however, argues that the habeas court did not apply Strickland to the objections. He insists that the habeas court dismissed the allegations because the issues underlying the objections had already been substantively reviewed by the Georgia Supreme Court on direct appeal. Id. Nevertheless, the habeas court clearly addressed the issue, stating trial counsel "had made the appropriate objections to [the out-of-court statements]. *Additionally*, [counsel] appealed the trial court's ruling [on the objections] to the Supreme Court," which affirmed the trial court's ruling, precluding review on habeas. Doc. 1, Ex. A at 6 (emphasis added). Petitioner fails to show that Strickland was applied unreasonably. Accordingly, the Court finds petitioner's arguments to be meritless.

Second, the state habeas court found that petitioner had failed to overcome the Strickland presumption of effectiveness in trial counsel's development of trial strategy with regard to counsel's failure to object to the out-of-court statements on constitutional grounds. Id. at 14-15. Finally, the court similarly concluded that the failure to object to the evidence going to the jury under the "continuing witness" rule fails to overcome the presumption of effectiveness. Id. at 6-7.

As the state habeas court properly applied clearly established Supreme Court precedent, this ground for relief should be **DENIED**.

### B. Ineffective Assistance of Appellate Counsel

Petitioner further contends that he received ineffective assistance of appellate counsel because counsel failed to appeal the trial court's refusal to allow into evidence a retraction of statements by a witness. Id.

The Supreme Court has held that the same Strickland test applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every nonfrivolous issue. Effective appellate counsel should "'winnow

out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

The habeas court determined that counsel made an informed decision to object to and appeal the admission of the statements rather than objecting to the trial court's failure to admit evidence that a witness had later retracted her statements. Doc. 1, Ex. A at 12-14. Bearing in mind that counsel is under no obligation to present all non-frivolous issues on appeal, petitioner's claim should be **DENIED**.

### C. Violation of Petitioner's Right to Confront an Adverse Witness

Petitioner's claim that his Sixth Amendment right to confront an adverse witness was violated was not raised in either his direct appeal or his state habeas corpus petition. The only mention in the state habeas petition of a constitutional violation pursuant to Crawford v. Washington, 541 U.S. 36 (2004), occurs in the context of an ineffective

assistance of trial counsel claim and not as an independent claim for relief. Doc. 5.

Under Georgia's successive petition rule, a petitioner is required to raise all grounds for relief in his initial or amended state habeas petition. O.C.G.A. § 9-14-51. Any grounds not raised are considered defaulted, unless state or federal constitutional law requires review or unless the claim could not have reasonably been raised in the original petition. Id. In Chambers v. Thompson, 150 F.3d 1324 (11th Cir. 1998), the Eleventh Circuit made clear that "[t]he Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court, unless there is some indication that a state court judge would find the claims in question 'could not reasonably have been raised in the original or amended [state habeas] petition.'" Id. at 1327. Thus, unless petitioner can present cause for his failure to raise the aforementioned confrontation clause issue in his state habeas petition, this Court will be procedurally barred from addressing it.

Petitioner presents no excuse for his failure to raise this issue in the state habeas proceeding. Furthermore, Crawford cannot be applied

retroactively on collateral review. <u>Whorton v. Bockting</u>, 127 S. Ct. 1173, 1184 (2007). Accordingly, petitioner is barred from asserting this ground for the first time in the instant petition, and it should be **DISMISSED** as procedurally barred.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 9*th* day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA